IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEVADA SMOLKA, )
 )
        Plaintiff, )
 )
-vs- ) Civil Action No. 07-619
 )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
        Defendant. )

## JUDGMENT ORDER

Gary L. Lancaster,
District Judge.                            July 9, 2008

       This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title IV of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C. § 405 (g) and 42 U.S.C. §1383 (c)(3). Plaintiff, Nevada Smolka, alleges that the Administrative Law Judge's ("ALJ") decision that she is not disabled, and therefore not entitled to Disability Insurance Benefits and Supplemental Security Income, should be reversed because it is contrary to law and unsupported by substantial evidence.

       Plaintiff protectively filed an application for Disability Insurance Benefits on October 20, 2003. (R. 70-72). She later filed an application for Supplemental Security Income. (R. at 232-235). These applications were combined. (R. at 238). After the claim was denied, a hearing was held before the ALJ. (R. at 356-385). On November 23, 2005, the ALJ found that plaintiff was not disabled. (R. 238-46). On February 24, 2006, the Appeals Council vacated the decision of the ALJ and remanded the case for further consideration. (R. at 251-253). A new hearing was held on September 5, 2006. (R. at 386-406). Plaintiff, who was represented by counsel, and an impartial vocational expert, Judy Schollaert, testified at the hearing. (R. at 391-406). On

September 29, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (R. at 16-25). The Appeals Council denied plaintiff's request for review on March 9, 2007. (R. at 9-11). After thus exhausting her administrative remedies, plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405 (g) and 42 U.S.C.§1383 (c)(3) on May 10, 2007. (Doc. No. 3).

When resolving the issue of whether a claimant is disabled and whether a claimant is entitled to DBI and SSI benefits, the Social Security Administration applies a five step analysis. 20 C.F.R. § 404.1520 (a). The ALJ must determine: (1) whether the claimant is currently engaging in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment whether it meets or equals the criteria listed in 20 C.F.R. pt. 404. subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. In all but the final step, the burden of proof is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case, the ALJ determined that plaintiff was not disabled at the fifth step of the sequential evaluation process. (R. at 19-25). He concluded that plaintiff suffered from degenerative disc disease, arthritis, residuals of a right knee injury, migraines due to neck muscle spasm, a depressive disorder, not otherwise specified, and a generalized anxiety disorder, which were deemed to be severe impairments under 20 C.F.R. §404.1520 (c). (R. at 19). The ALJ determined, however, that these impairments did not meet or medically equal an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Id.). The ALJ concluded that plaintiff was unable to return to her past relevant work. (Id.). Nonetheless, he determined that plaintiff could perform a range of sedentary work, and that jobs falling within the confines of her residual functional capacity existed in significant numbers in the national economy. (R. at 23-25).

In support of her motion for summary judgment, plaintiff makes three arguments. First, she contends that the ALJ failed to properly analyze the medical evidence. (Br. for Plaintiff at 7). Secondly, she argues that the ALJ erred in failing to consider plaintiff's work history in rejecting the credibility of her testimony. (Id. at 17). Third, she argues that the hypothetical posed to Ms.

2

Schollaert was defective because it did not accurately set forth all of plaintiff's work-related limitations. (Id. at 19). The Court will proceed to address each argument.

Plaintiff's argument with respect to the alleged inability of the ALJ to properly analyze the medical evidence centers on the assessments and opinions of Dr. Victor Jabbour and plaintiff's therapist, Ms. Kathleen Shirey, M.Ed.. On December 15, 2003, Dr. Jabbour reported that plaintiff could frequently lift and carry 2-3 pounds, occasionally lift and carry 10 pounds, stand and walk for 1 hour or less per day, sit for less than 6 hours per day, and that her pushing and pulling abilities were limited in her lower extremities. (R.at 176-77). He also reported that she could occasionally bend, kneel, stoop, crouch, balance, and climb. (Id.). On April 11, 2006, Jabbour reported that plaintiff could lift and carry 10 pounds, stand and walk for 1 hour or less per day, sit less than 1 hour, and was limited in seeing, feeling, handling, speaking, reaching, hearing, and pushing/pulling. (R. at 286-288). On September 21, 2006, Jabbour reported that plaintiff could not work. (R. 341). He also reported that she could occasionally lift 1-3 pounds, could drive, sit, stand, and walk for 1 hour each per day, and could not perform repetitive grasping, fine manipulation or pushing/pulling with her hands and no repetitive use of foot controls with her feet. (Id.).

On October 31, 2005, Kathleen Shirey completed a mental impairment questionnaire indicating that the plaintiff suffered from poor memory, sleep disturbance, emotional lability, recurrent panic attacks, anhedonia, feelings of guilt/worthlessness, difficulty thinking/concentrating, severe social withdrawal or isolation, decreased energy, general persistent anxiety, and hostility/irritability. (R. at 226-331). Shirey also reported that plaintiff's ability to perform at a consistent pace without an unreasonable number and length of rest periods was poor. (R. at 229).

In his decision, the ALJ gave the findings of Dr. Jabbour and Ms. Shirey little weight. (R. at 20-23). In doing so, the ALJ noted that there were no clinical findings to give support to the assessments. (R. at 20-21). Relying on the objective medical evidence and the opinions of consulting physicians, the ALJ determined that the record contradicted Jabbour and Shirey's opinions of disability. (R. at 23). The ALJ determined that plaintiff is capable of occasional postural maneuvers such as balancing, stooping, kneeling crouching, crawling, and climbing ramps and stairs. (R. at 19). The ALJ also determined that the plaintiff must avoid climbing

ladders, ropes and scaffolds, frequent overhead work, and pushing/ pulling with the right lower extremity to include the operation of foot pedals. He further found that plaintiff is limited to simple, routine, repetitive tasks, not performed in a fast-paced production environment, involving only simple, work-related decisions and in general, relatively few work place changes. (Id.). Based on this residual functional capacity, the ALJ determined that plaintiff is unable to perform her past relevant work. (R. at 23). Nevertheless, the ALJ concluded that plaintiff could work as a surveillance system monitor, a circuit board inspector, or a semi-conductor bonder. (R. at 24). Ms. Schollaert's testimony established that these jobs existed in the national economy in significant numbers. (R. at 25).

The ALJ's determination conflicted with the opinions of Dr. Jabbour and Ms. Shirey. However, it is the prerogative of the ALJ to resolve conflicts which exist in the evidence, and to determine which evidence to credit and which evidence to reject. Where there is a lack of clinical data to support the opinions of claimant's treating physicians, the ALJ is free to reject those opinions. *Newhouse v. Heckler*, 753 F.2d 283, 286 (3d Cir. 1985).[1] The ALJ determined that the findings of Dr. Jabbour and Ms. Shirey were not supported by objective medical evidence. (R. at 23). The lack of objective evidence coupled with the opinions of consulting physicians and conflicting findings within the treatment notes of Dr. Jabbour and Ms. Shirey, provided the ALJ with substantial evidence upon which to base his decision.

The record did not support the findings that plaintiff was disabled. For instance, the ALJ pointed the treatment notes of Dr. Daniel Haffner, an initial treating physician of plaintiff, which indicated that although plaintiff was not working, there was no radiological reason that she could not work.. (R. 147). Additionally, an MRI was essentially normal except for a joint effusion in the knee. (R. at 201-202). A Doppler study also showed only a right peroneal calf vein thrombus

---

[1] As defendant properly noted, Ms. Shirey did not qualify as an acceptable medical source within the meaning of the Social Security Act as she is a therapist with a Masters in Education and not a licensed psychologist. Although the ALJ referred to her as "Dr. Shirey," she is not a medical practioner. Individuals considered "acceptable medical sources" and entitled to substantial weight in certain circumstances include licensed physicians or psychologists and are the only sources whose opinions can establish a medically determinable impairment.Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939 at *1-2 (S.S.A. 2006). Nevertheless, the ALJ considered Ms. Shirey as a treating medical source perhaps giving her opinions more weight in considering plaintiff's medically determinable impairments than was contemplated by the Act. She should have been considered as an "other source" under 20 C.F.R. §§ 404.1513 (d)(1), 416.913 (d)(1). If anything, this error weighed in favor of plaintiff and thus, is harmless.

4

and otherwise, no evidence of deep vein thrombosis. (R. at 223). Further, the ALJ relied on the report of a consulting psychologist, Dr. Margaret McKinley, and a consulting physician, Dr. Ramalingam Ravishankar, to refute plaintiff's allegations of disabling physical and mental impairments. (R. at 21-22). Dr. McKinley reported that plaintiff had slight limitations in work-related activities. (R. at 163-170). She reported that plaintiff's ability to understand and remember were not impaired. (Id.). Dr. Ravishankar reported that plaintiff did not have "significant range of motion restriction of the knee." (R. at 301). Based on his examination of plaintiff, Ravishankar opined that plaintiff could walk or stand for 4 hours a day in 30 minute intervals without interruption. (R. 304). He also opined that she could stand for 6 hours a day in one hour intervals without interruption. (Id.).

Additionally, findings made by Dr. Jabbour and Ms. Shirey conflict with their own opinions of disability. Ms Shirey assessed plaintiff at a GAF rating of sixty-three indicating only "mild symptoms" (R. at 226). See DSM-IV-TR at 32. A rating of sixty-three is indicative of "some difficulty in social, occupational, or school functioning" but the individual is "generally functioning pretty well." See DSM at 32. Further, Ms. Shirey noted that plaintiff was having a "satisfactory" response to treatment and the frequency of plaintiff's sessions were reduced from once every two weeks to once every three weeks. (R. at 227, 380). On December 20, 2003, Dr. Jabbour noted that plaintiff had a "had a mild limitation on the right knee" but was "otherwise normal." (R. 174-175). He also noted that she was walking normally without an assistive device, could walk on heels and toes, had no difficulty getting off of the exam table, and had no weakness in her lower extremities. (R. 174-175). While further treatment notes by Dr. Jabbour indicate continuing knee pain, depression/anxiety/mood disorder, neck pain, and migraines, no objective evidence supports the severity of Jabbour's findings. (R. at 133-134, 190-200, 209-212, 283-293, 342-344).

Under these circumstances, the Court cannot conclude that the ALJ's determination is unsupported by substantial evidence. Although there is conflicting medical evidence contained in the record, it is the province of the ALJ to resolve such a conflict. Where the Commissioner's decision is supported by substantial evidence, the Court has no authority to set it aside. This is true even if the Court would have decided the factual inquiry differently. *Haranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Plaintiff also contends that the ALJ erred in finding her testimony to be less than fully credible and failing to consider plaintiff's continuous work history as part of the credibility determination. (Br. for Plaintiff at 17-18). The ALJ stated that plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 20). The Third Circuit standard for consideration of complaints of subjective pain requires, "(1) that subjective complaints of pain be seriously considered, even where not fully confirmed by objective medical evidence...(2) that subjective pain 'may support a claim for disability benefits'...(3) that when such complaints are supported by medical evidence, they should be given great weight...and finally (4) that where a claimant's testimony as to pain is reasonably supported by medical evidence, the ALJ may not discount claimant's pain without contrary medical evidence." *Ferguson v. Schweiker,* 765 F.2d 31, 37 (1985) (internal citations omitted).

There are a number of non-medical factors that may be considered when determining a plaintiff's credibility, including statements by plaintiff, daily activities, and efforts to work. 20 C.F.R. §§404.1529, 416.929 (2007). The ALJ thoroughly considered the medical record, as was discussed above, and other sources. Plaintiff's work history is not dispositive of the question of plaintiff's credibility. It is only one of many factors that may be considered. Plaintiff's complaints were not supported by the medical evidence and in fact, there was medical evidence that was contrary to her statements. The evidence was taken in conjunction with plaintiff's daily activities and treatment record. (R. at 20). Under the present circumstances, it is clear that the decision of the ALJ is supported by substantial evidence.

Plaintiff's third argument is related to first. It is true that the limitations noted by Dr. Jabbour and Ms. Shirey were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity. As the ALJ explained in her opinion, however, the additional limitations were not credibly established. (R. at 24). In order for a vocational expert's testimony to constitute substantial evidence that the claimant is capable of performing jobs existing in significant numbers in the national economy, the hypothetical question posed by the ALF must include all of the claimant's impairments. *Ramirez v. Barnhart,* 372 F.3d 546, 552 (3d Cir. 2004. However, this standard does not require an ALJ "to submit to the vocational expert every

6

impairment *alleged* by a claimant." *Rutherford v. Barnhart,* 399 F.3d 546, 554 (3d Cir. 2005)(emphasis in original). Instead, "the ALJ must accurately convey to the vocational expert all of claimant's *credibly established limitations* [.]" *Id.* (emphasis in original). Substantial evidence in the record fails to indicate that the ALJ erred in not submitting further limitations to Ms. Schollaert. Therefore, the ALJ's hypothetical was not defective.

After considering all the arguments of plaintiff, the Court must affirm the decision of the Commissioner under 42 U.S.C. §405 (g) as it is supported by substantial evidence.

AND NOW, this 9th day of July, 2008, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

/s/ Lancaster, J.

cc: All Counsel of Record